**Hank PRITCHARD and Knights of the Ku Klux Klan, Plaintiffs,**

v.

**Jack MACKIE, individually and in his official capacity as Chief of Police of the Town of Davie, and Town of Davie, a Florida Municipal Corporation, Defendants.**

No. 93–6046–CIV.

United States District Court, S.D. Florida.

Jan. 16, 1993.

---

Nina E. Vinik, ACLU Foundation of Florida Inc., Miami, FL, for plaintiffs.

Barry Webber, Hollywood, FL, for defendants.

## ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs Hank Pritchard and the Knights of the Ku Klux Klan's Emergency Motion for a Temporary Restraining Order, filed January 15, 1993.

### EVIDENTIARY FINDINGS

In early December, 1992, Plaintiff Hank Pritchard, a citizen and resident of Fort Lauderdale, Florida, and a member and Knight of the Knights of the Ku Klux Klan ("Klan"), requested permission to hold a Klan rally at a public field adjacent to the Davie Town Hall. Pritchard describes himself as an organizer and spokesman for the Klan. The stated purpose of the rally is "to educate the public about the Klan and its goals, distribute Klan literature, solicit membership and allow the public and Klan members to hear speeches by plaintiff Pritchard and others." (Pritchard Affidavit, at 2). Incident to the stated purpose of the rally, Pritchard testified that he intends to sell, as well as award free T–Shirts. The date of the proposed rally is January 18, 1993.[1]

Upon inquiry by Pritchard, Commander Tucker of the Davie Police Department advised Pritchard that a permit was not required to conduct the proposed public rally. To coordinate security logistics, Pritchard attended a meeting at the Davie Police Department on January 12, 1993. At that meeting, Defendant Chief of Police Jack Mackie informed Pritchard that Pritchard

---

1. The Court takes judicial notice of the fact that this date is Martin Luther King, Jr. Day.

would be required to secure a one-million dollar liability policy before the rally would be permitted. Pritchard learned that the cost of obtaining a one-million dollar liability policy would be several hundred dollars. Pritchard testified that, as an unemployed postal worker, he does not have the financial resources to obtain this policy.

There is no written documentation in the Town of Davie records concerning this liability insurance requirement. The Court received testimony from Ms. Gail Reinfeld–Jacobs, Administrative Services Director and Town Clerk for the Town of Davie concerning this unwritten requirement. According to Jacobs, Davie requires all prospective users of town property to obtain the same amount of insurance coverage; namely, one million dollars. Jacobs further testified that waiver of the insurance requirement must be granted by the Town Council.

On the night of January 14, 1993, the Davie Town Council addressed the insurance requirement for the proposed rally. The Council considered the possibility of waiving the requirement, but decided to take no action. Pritchard testified that he requested permission to address the Council, but that permission was denied. The plaintiffs then brought this action against Jack Mackie and the Town of Davie, pursuant to 42 U.S.C. § 1983, for violation of the plaintiffs' first amendment rights.

### DISCUSSION

■ The stated purpose of the Klan rally involves public issue speech.[2] Accordingly, the proposed rally is an activity covered by the first amendment. Moreover, the location of the proposed rally at the Davie Town Hall is within a traditional public forum; indeed, it is the "archetype of a traditional public forum." *Nationalist Movement v. City of Cumming*, 913 F.2d 885, 888 (11th Cir.1990), *aff'd. sub nom. Forsythe County v. Nationalist Movement*, —— U.S. ——, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992). The Town of Davie

insurance requirement prior to the staging of the Klan rally in "the archetype of a traditional public forum" is a prior restraint on speech. *Forsythe County v. Nationalist Movement*, —— U.S. ——, ——, 112 S.Ct. 2395, 2401, 120 L.Ed.2d 101 (1992).

■ There is a heavy presumption against the validity of prior restraints. *Id.* The United States Supreme Court, however, has allowed local governments to impose prior restraints in the form of permit requirements for those wishing to hold a march, parade or rally. *Id.* —— U.S. at ——, 112 S.Ct. at 2401. *See Cox v. New Hampshire*, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941). These types of prior restraints may not delegate overly broad licensing discretion to a government official. *Freedman v. Maryland*, 380 U.S. 51, 56, 85 S.Ct. 734, 738, 13 L.Ed.2d 649 (1965). Most importantly, any permit scheme controlling the time, place and manner of speech must not be based on the content of the message, must be narrowly tailored to serve a significant governmental interest, and must leave open ample alternatives of communication. *Clark v. Community for Creative Non–Violence*, 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984); *Miami Herald Publishing Co. v. City of Hallandale*, 734 F.2d 666, 673 (11th Cir. 1984). The Klan contends that the Davie insurance requirement does not comport with these standards because the insurance requirement is not nominal; it poses a burden on poorly financed groups; and is discretionary because the amount of insurance coverage required is based on the anticipated effect of the speech content.

### A. Nominal Fees

■ In *Central Florida Nuclear Freeze Campaign v. Walsh*, 774 F.2d 1515 (11th Cir.1985), *cert. denied*, 475 U.S. 1120, 106 S.Ct. 1637, 90 L.Ed.2d 183 (1986), the Eleventh Circuit examined an ordinance that required the payment of a fee for additional police services required at a parade and

---

**2.** Contrary to Davie's contention, the Court attributes no significance to the planned selling and awarding of free T-shirts. This incidental activity does not change the character of the speech involved in the rally from public issue to commercial speech.

rally. The Court conducted a detailed analysis of *Cox v. New Hampshire*, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941) and *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943), the two seminal cases addressing the issue of parade and rally permits. *Walsh*, 774 F.2d at 1521–23. The Eleventh Circuit concluded that an ordinance that charges more than a nominal fee for using a public forum for public issue speech, violates the first amendment. *Id.* at 1523. "Although license fees are proper for the costs of administering an event ... we read *Cox* as authorizing only nominal charges for the use of city streets and parks to further First Amendment activities." *Id.* at 1523.

In *Nationalist Movement v. City of Cumming*, the Eleventh Circuit reaffirmed the views expressed in *Walsh*. *Nationalist Movement v. City of Cumming*, 913 F.2d 885, 891 (11th Cir.1990), *aff'd. sub nom. Forsythe County v. Nationalist Movement*, — U.S. —, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992). Finding a $1000 permit fee unconstitutional because it exceeded a nominal amount, the Court stated, "It is not necessary that we stake out the outer limits of a nominal charge." *Id.*[3]

The Davie insurance requirement does not amount to a nominal charge. It forces the Klan to acquire a large amount of insurance coverage, namely $1,000,000. Therefore, the requirement is unconstitutional under the Eleventh Circuit's reading of *Cox* because the cost of that coverage may be, as in this case, larger than a nominal fee. Moreover, this requirement is not related to the costs incurred by Davie in administering the rally. Furthermore, although the current insurance coverage requirement is set at one million dollars, there is no written limitation as to the size of the insurance requirement that might be

demanded by the town. *See Walsh*, 774 F.2d at 1523. Although the Eleventh Circuit has not delineated the dollar amount of a nominal fee, the Court finds that the cost of the $1,000,000 liability insurance coverage exceeds a nominal amount.

### B. Burden on Poorly–Financed Groups

In addition, indigent groups or persons who wish to exercise their First Amendment rights of speech and assembly and, as a consequence of the added costs of insurance, are unable to pay such costs, are denied an equal opportunity to be heard. There is no evidence that the Davie insurance requirement contains a provision exempting those individuals or groups who cannot afford to acquire insurance coverage. In this case, Pritchard has testified that he does not have the personal resources needed to purchase the required coverage.

Moreover, the insurance requirement fails to take into account the possibility that the most heinous political groups in American society may find it difficult, if not impossible to actually purchase insurance.[4] The failure of the Davie insurance requirement to provide an alternative means of exercising First Amendment rights is unconstitutional. *Id.* at 1523–24; *See also Murdock v. Pennsylvania*, 319 U.S. 105, 111, 63 S.Ct. 870, 874, 87 L.Ed. 1292 (1943) ("Freedom of speech, freedom of press, freedom of religion are available to all, not merely to those who can pay their own way.").

### C. Content–Neutral Violations

Finally, the Court finds that the Davie insurance requirement is discretionary. Although the amount of insurance coverage required is standard, waiver of

---

3. The United States Supreme Court granted certiorari in this case to resolve an apparent conflict in the Circuits "concerning the constitutionality of charging a fee for a speaker in a public forum." *Forsythe County*, — U.S. at —, and — n. 8, 112 S.Ct. at 2400, and 2400 n. 8. The Court, however, found the permit fee to be content-based, and did not need to address the nominal fee issue. *Id.* —, 112 S.Ct. at 2406 (Rehnquist, C.J., dissenting).

4. *Eastern Conn. Citizens Action Group v. Powers*, 723 F.2d 1050, 1056 n. 2 (2d Cir.1983) (In denying an application for an insurance policy, brokers or underwriters often consider the political beliefs of those who have applied for insurance coverage and the likelihood of adverse publicity).

such requirement is apparently vested and committed to the unfettered discretion of the Town Council, as demonstrated by the proceedings conducted on January 14, 1993. Moreover, no public comment was permitted at the proceeding from Pritchard, the party most affected by the Council's actions. Such broad discretion constitutes an impermissible prior restraint. *Freedman*, 380 U.S. at 51, 85 S.Ct. at 735. In this regard, the Court further notes that the lack of written standards pertaining to the insurance requirement, or waiver thereof, permits Davie officials and the Town Council to act with overly broad discretion, in derogation of first amendment rights.

## CONCLUSION

This Court is faced with a situation where a municipality, upon receiving word that a controversial group wishes to stage a rally in town, imposes conditions designed to prevent the rally. In 1977, Nazi party members announced plans to march in Skokie, Illinois, a Jewish suburb of Chicago. A national uproar soon erupted. The village of Skokie immediately enacted ordinances designed to prevent the march. In finding those ordinances unconstitutional, the Seventh Circuit noted that, "[u]nder the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction, not on judges and juries, but on the competition of other ideas." *Collin v. Smith*, 578 F.2d 1197, 1203 (7th Cir.1978) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974)).

The Court finds that the Davie insurance requirement violates the plaintiffs' first amendment rights. Moreover, the Court finds that the plaintiffs will sustain immediate and irreparable harm if deprived of the free exercise of their first amendment rights and that such harm to the plaintiffs outweighs any potential harm to the defendants.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that, pursuant to *Fed.R.Civ.P.* 65(b) and (d), Plaintiffs Hank Pritchard and Knights of the Ku Klux Klan's Emergency Motion for a Temporary Restraining Order is GRANTED. It is further

ORDERED AND ADJUDGED that Defendants Jack Mackie and the Town of Davie are subject to a temporary restraining order preventing them from requiring that the plaintiffs secure a one million dollar liability policy as a pre-condition to holding the proposed rally on January 18, 1993, at the Davie Town Hall. It is further

ORDERED AND ADJUDGED that the plaintiffs need not post security for the issuance of this temporary restraining order. It is further

ORDERED AND ADJUDGED that further proceedings in this matter shall be before the Honorable Kenneth Ryskamp, the judge to whom this case has been assigned and for whom the undersigned district judge has handled this matter.

DONE AND ORDERED.